**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERRON L. LEWIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 6522 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| JOHN W. SUTHERS, individually and in | ) | |
| his representative capacity, ANDREW P. | ) | |
| MCCALLIN, individually and in | ) | |
| his representative capacity, and ERIC R. | ) | |
| NEUSCH, individually and in | ) | |
| his representative capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff Sherron L. Lewis, Jr. ("Plaintiff" or "Lewis"), brings this action against Defendants John W. Suthers, individually and in his representative capacity as Attorney General of Colorado, Andrew P. McCallin, individually and in his representative capacity as First Assistant Attorney General of Colorado, and Erik R. Neusch, individually and in his representative capacity as Assistant Attorney General of Colorado. (R. 1.) Plaintiff filed this lawsuit in response to a complaint that Defendants filed against him on July 26, 2010, in the District Court for Jefferson County, Colorado, under the Colorado Consumer Protection Act. (*Id.* at 7-16.) In bringing the Colorado lawsuit, Defendants alleged that Lewis had improperly offered mortgage-foreclosure-legal assistance to Colorado citizens and had engaged in the unlicensed practice of law. (*Id.* at 7-8.)

In his Complaint, Lewis vigorously disputes the accuracy of the allegations that Defendants brought against him in the state-court action in Colorado. (R. 1 at *passim*.) He brings claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, 18 U.S.C. §§ 241 and 1951, 11 U.S.C. § 362, for civil conspiracy, and for extreme and outrageous conduct, seeking injunctive relief and damages. (*Id.* at 16-27.) This is the second complaint that Lewis has filed against Defendants based on the same alleged facts. On September 28, 2010, this Court dismissed Lewis's lawsuit on the ground that Defendants have absolute immunity under 28 U.S.C. § 1915(e)(2)(B)(iii) and because the Eleventh Amendment bars lawsuits against a state for damages. *Lewis v. Suthers*, No. 10-CV-6101, 2010 WL 3842701, at *1 (N.D. Ill. Sept. 28, 2010). The Court also observed that the case appeared "to be an attempt to bring the Colorado enforcement action in federal district court" and so the Court dismissed the lawsuit "in its entirety[.]" *Id.* at 2.

Defendants have filed a motion to dismiss the instant lawsuit, on a number of grounds that include the *Rooker-Feldman* doctrine, the *Younger* doctrine, prosecutorial immunity, the Eleventh Amendment, improper venue, the doctrine of res judicata, and for failure to state a claim. (R. 20.) The Court grants Defendants' motion to dismiss, with prejudice.

## DISCUSSION

I. **The Doctrine of Res Judicata Bars Lewis's Complaint Against Defendants in their Official Capacities**

The Court previously dismissed Lewis's lawsuit against Defendants under the Eleventh Amendment. *Lewis*, 2010 WL 3842701, at *1-2. The Court noted that, "[u]nder the Eleventh Amendment[,] . . . individuals cannot bring lawsuits seeking damages against a State based on sovereign immunity." *Id.* at 1. Observing that "the individual Defendants represented the State

of Colorado," the Court found that Lewis's claims were not actionable. *Id.* The Court will not revisit that determination, and so it dismisses Lewis's claims against Defendants in their official capacities.

As the Seventh Circuit recently observed, "[r]es judicata prohibits parties 'from relitigating issues that were or could have been raised' in a previous action in which there was final judgment on the merits." *Johnson v. Cypress Hill*, -- F.3d --, 2011 WL 2138085, at *5 (7th Cir. June 1, 2011) (quoting *Highway J Citizens Grp. v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)). Res judicata applies if there is "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action." *Id.* (quoting *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992)). Lewis's present lawsuit against Defendants in their official capacities satisfies all of these conditions.

Lewis's earlier lawsuit involved precisely the same parties. *Cf.* R. 1 *with Lewis*, 2010 WL 3842701, at *1-2. Although the Complaint in this case differs in some modest respects from the earlier-filed complaint in this Court, they are materially identical, involving a common nucleus of operative fact. Specifically, both complaints allege facts emanating from Defendants' state-court action against Lewis under the Colorado Consumer Protection Act. Therefore, there is an identity of the cause of action. *Johnson*, 2011 WL 2138085, at *5 ("Johnson asserts that the claims are not the same because the original action was based on copyright infringement, whereas *Johnson II* is based on state claims of unfair competition and misappropriation. But . . . 'two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.'") (quoting *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006)).

The final question is whether this Court's dismissal of Lewis's previously filed lawsuit against Defendants constituted a final judgment on the merits. There is some authority that suggests that a court's dismissal on Eleventh Amendment grounds may constitute a final judgment on the merits. *See Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000) ("Andrews does not contest that the dismissal of his prior suit on Eleventh Amendment immunity grounds is a final judgment on the merits. . . . For this case, we assume without deciding that a dismissal on Eleventh Amendment immunity grounds is a final judgment on the merits for purposes of res judicata"); *Lommen v. City of E. Grand Forks*, 97 F.3d 272, 275 (8th Cir. 1996) (applying Minnesota law of res judicata, which it read as recognizing that "a final adjudication on the merits existed where summary judgment had been granted in a prior suit against the plaintiffs because the defendants were entitled to quasi-judicial immunity."); *Otis v. Ryan*, No. 02-CV-6397, 2003 WL 21267106, at *4 (N.D. Ill. May 28, 2003) ("The third requirement, final judgment on the merits, is also satisfied because a final judgment on the merits was rendered in *Otis I*. In that case, the defendant moved to dismiss the complaint for lack of subject matter jurisdiction because plaintiff's claim was barred by the Eleventh Amendment . . . . [T]he District Court entered a final order dismissing plaintiff's complaint for lack of subject matter jurisdiction."); *see also Daye v. Brannon*, No. 00-CV-592, 2001 WL 34664089, at *4 (M.D.N.C. May 22, 2001); *Stewart v. Hunt*, 598 F. Supp. 1342, 1350 n.11 (D.C.N.C. 1984) ("Had it been proven to the court's satisfaction that sovereign immunity was indeed the basis of the state court decision, this litigation might well have been barred by claim preclusion since a dismissal premised upon sovereign immunity constitutes a final judgment on the merits."); *Warwick Corp. v. Maryland Dep't of Transp.*, 573 F. Supp. 1011, 1014 (D.C. Md. 1983) ("[A] judgment

4

granting dismissal on the grounds of sovereign immunity is a final judgment on the merits, commanding *res judicata* effect.").

Despite this case law, it is not clear that a federal court's dismissal of a lawsuit on Eleventh Amendment grounds constitutes a final judgment on the merits. *See, e.g.*, *Adams v. Andrews*, No. 99-CV-3316, 1999 WL 544727, at *2 (S.D.N.Y. July 27, 1999) ("The case law has some divergence on whether a dismissal for sovereign immunity under the Eleventh Amendment constitutes a final judgment on the merits, so it is not clear that *res judicata* is applicable here.") (quotation omitted). Federal Rule of Civil Procedure 41 provides that a dismissal "for lack of jurisdiction" does not operate as an adjudication on the merits. Fed. R. Civ. P. 41 (b). If a dismissal under the Eleventh Amendment is jurisdictional, therefore, it does not constitute such an adjudication.

A number of courts have characterized a dismissal based on the Eleventh Amendment as jurisdictional—specifically, they regard it as a dismissal for lack of subject-matter jurisdiction. *See, e.g.*, *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 76 n.2 (2d Cir. 2007) (noting a "lack of subject matter jurisdiction under the Eleventh Amendment" and observing that "[t]here is no final judgment from which plaintiffs can appeal this decision"); *Republic of Para. v. Allen*, 134 F.3d 622, 626 (4th Cir.), *cert. denied* 523 U.S. 371 (1998); *Seaborn v. Fla.*, 143 F.3d 1405, 1407 (11th Cir. 1998) (noting "the jurisdictional nature of the Eleventh Amendment"); *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state."); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees.").

The Seventh Circuit has made a similar characterization. *See Doe v. Univ. of Ill.*, 138 F.3d 653, 656 n.2 (7th Cir. 1998) ("The University's Eleventh Amendment immunity defense is a question of the federal courts' subject matter jurisdiction over the action."), *vacated on other grounds by Bd. of Trs. of Univ. of Ill. v. Doe*, 526 U.S. 1142 (1999); *Johnson v. Ill. Commerce Comm'n*, 176 Fed. App'x 662, 663 (7th Cir. 2006) (affirming district-court holding that the court lacked subject-matter jurisdiction over an Illinois agency under the Eleventh Amendment, but modifying dismissal "to be without prejudice to Johnson's refiling her claim in state court").

More recently, however, the Seventh Circuit has observed that "[t]he Eleventh Amendment is unusual in that it does not strictly involve subject matter jurisdiction." *Ind. Protection & Advocacy Servs. v. Ind. Family & Social Servs.*, 603 F.3d 365, 370 (7th Cir. 2010); *see also Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) ("While the Eleventh Amendment prevents federal courts from hearing cases against states, we have stated that 'dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction,' but instead rests on an affirmative defense.'") (citations omitted).

Even if a federal court's dismissal on Eleventh Amendment grounds is not technically based on a lack of jurisdiction, it is nevertheless a dismissal without prejudice. *Accord Warnock*, 88 F.3d at 343 ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only . . . not with prejudice."); *Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987) ("[T]he district court was correct in dismissing . . . the state entities . . . on eleventh amendment grounds, by granting their motion to dismiss for lack of subject-matter jurisdiction, but this dismissal does not constitute a judgment on the merits."); *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) (en banc) (holding, with respect

6

to res judicata, that "[d]ismissals for want of jurisdiction are not decisions on the merits"); *Johnson*, 176 Fed. App'x at 663. Were it otherwise, a district court's dismissal of a lawsuit against a state under the Eleventh Amendment would operate to bar the plaintiff's bringing the action in state court, to which action the Eleventh Amendment would not apply. *See, e.g.*, *Hilton v. S. Carolina Pub. Comm'n*, 502 U.S. 197, 204-05 (1991) ("[A]s we have stated on many occasions, 'the Eleventh Amendment does not apply in state courts.'"); *see also Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("But if he refiled his suit in state court, the defendant could not set up the dismissal by the federal court as res judicata, the lack of *federal* jurisdiction being irrelevant to whether a suit can be maintained in a state court.") (emphasis in original).[1]

Nevertheless, a federal court's dismissal of a lawsuit on Eleventh Amendment grounds does have res judicata effect with respect to the relevant plaintiff's right to refile the same lawsuit *in federal court*. *Accord Okoro*, 164 F.3d at 1063 ("[A] jurisdictional dismissal is res judicata on the jurisdictional issue. . . . It may seem paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court. But the paradox is superficial. A court has jurisdiction to determine its own jurisdiction. A ruling that it lacks jurisdiction is therefore entitled to preclusive effect.");

---

[1] Of course, the fact that the Eleventh Amendment does not apply to state-court proceedings does not mean that a state necessarily lacks sovereign immunity from suit in its own courts. *See Alden v. Maine*, 527 U.S. 706, 728-29 (1999) (explaining that "sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself. The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the [Eleventh] Amendment alone but by fundamental postulates implicit in the constitutional design."); *see also Erickson v. Bd. of Governors for N.E. Ill. Univ.*, 207 F.3d 945, 952 (7th Cir. 2000) (observing that "states may implement a blanket rule of sovereign immunity").

*Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986) (holding that dismissal on Eleventh Amendment grounds "bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court."), quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985). For this reason, the Court will not permit Lewis to relitigate whether the Eleventh Amendment precludes his action against Defendants in their official capacities.

Because applying the doctrine of res judicata in this case is not manifestly unjust, *cf. Crowe ex rel. Crowe v. Zeigler Coal Co.*, -- F.3d --, 2011 WL 2138140, at *2 (7th Cir. June 1, 2011) (citing *Crowe v. Director, OWCP*, 226 F.3d 609, 613-14 (7th Cir. 2000)), it applies to bar Lewis's claims against Defendants in their official capacities.

## II. The Doctrine of Res Judicata Also Bars Lewis's Complaint Against Defendants in their Individual Capacities

In this lawsuit, as in his prior one, Lewis seeks to sue Defendants in both their official and representative capacities. (R. 1.) As the Seventh Circuit has observed, "individual capacity suits do not implicate the Eleventh Amendment's protections." *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) ("An individual capacity suit is not barred by the Eleventh Amendment."). Thus, the Eleventh Amendment does not bar Plaintiff's action against Defendants in their individual capacities.

Nevertheless, and as the Court previously noted, "attorneys general are shielded by absolute immunity when they act as an advocate for the State." *Lewis*, 2010 WL 3842701, at *1 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409,

8

431 (1976)). Lewis bases his allegations on Defendants' actions in bringing a deceptive-trade-practices action against him in Colorado. (R. 1 at *passim*.) As the Court previously found, Defendants enjoy absolute immunity for their actions in bringing that lawsuit, even when they are later sued in their individual capacities. *See also Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) ("Appellants also named Gilchrist as a defendant in his individual capacity, a claim to which the Eleventh Amendment does not apply. In this capacity, however, Gilchrist is entitled to absolute prosecutorial immunity."); *Roybal v. Tenn. Dist. Attorney Gen.'s Office for Montgomery Cnty.*, 84 Fed. App'x 589, 590 (6th Cir. 2003) ("[T]he district court properly concluded that the claims against the district attorneys general in their individual capacity failed because the defendants were entitled to prosecutorial immunity.") (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

The doctrine of res judicata applies as to the question of absolute immunity. The Court's prior finding involved the same parties, the same cause of action, and constituted a final judgment on the merits. *See, e.g.*, *Daye v. Brannon*, No. 00-CV-592, 2001 WL 34664089, at *4 (M.D.N.C. May 22, 2001) ("[I]t is quite clear that this Court has previously rendered judgment on the merits of Plaintiff's claim . . . in that the Court found that Brannon was protected by absolute immunity in his prosecution of Plaintiff in 1971. . . . The fact that a final judgment on the merits of Plaintiff's claim has been previously entered satisfies the third requirement for the application of the res judicata principle[.]"). The Court therefore grants Defendants' motion to dismiss, with prejudice.[2] *See, e.g.*, *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006)

---

[2] In moving to dismiss Lewis's complaint, Defendants' lead arguments are that this Court should refrain from entertaining Plaintiff's claims pursuant to the *Younger* doctrine and, alternatively, that the *Rooker-Feldman* doctrine bars his claims. (R. 20 at 7-11.) The Court need not reach these arguments in light of the fact that res judicata bars Lewis's present lawsuit.

(affirming district court's dismissal with prejudice of a Section 1983 claim against judge who had "absolute immunity from such damages claims").

## CONCLUSION

For the preceding reasons, the Court grants Defendants' motion to dismiss, with prejudice.

Dated: June 10, 2011

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**